REQUESTED BY: Senator Tom Vickers Member of the Legislature 1017 State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
You have submitted to us a proposed formula for state aid to political subdivisions under LB 816, and have asked our opinion as to its constitutionality. You have given us only the bare bones of the formula, but we see nothing constitutionally suspect about the basic idea.
The formula, as you have given it to us, is in six steps, which it is not necessary to repeat in full herein. Basically it would be a weighted per capita distribution of the fund to the counties, with the per capita distribution to each to be in direct proportion to its per capita property tax level. In other words, the higher a county's per capita property tax collections are, the greater its per capita share of the fund will be.
Our court has frequently held that it will not question the judgment of the Legislature, if a rational basis exists for the legislation. See State ex rel. Douglas v.Gradwohl, 194 Neb. 745, 235 N.W.2d 854 (1975). The basis purpose of all of the attempts to distribute state aid to the state's political subdivisions has been to shift some of the cost of local government from property taxes to the state, which, of course, raises most of its funds from sales and income taxes.
The manner of attaining this goal must be rational, as the court held in State ex rel. Douglas v. Marsh, 207 Neb. 598,300 N.W.2d 181 (1980). We believe that a straight per capita distribution would pass constitutional muster as having a rational basis, even though many might criticize it as not being the most fair method.
The formula you have submitted to us is an attempt to improve on a straight per capita distribution, by giving proportionately higher state aid to those counties which have higher per capita property taxes. Obviously, what is the most fair and logical method of distributing state aid is the subject of varying opinions, but if the method selected has a rational basis and appears to further some legitimate purpose, the state will not substitute its opinion for that of the Legislature. We believe that giving the most per capita state aid to those counties which have the highest per capita tax collections is not irrational, and would be upheld.
Your letter indicates that this formula would be used for distribution of the entire 82.6 million dollars proposed to be distributed by LB 816. We assume that your proposal would contain some formula for distributing the money to taxing subdivisions within the county, and would not go entirely to the county itself. Obviously, the method of distributing the county's share of the 82.6 million dollars would also have to be rationally based. We do not, of course, know what your proposal is in this regard.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General